**DOREY ELECTRIC COMPANY,**
Petitioner,

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMIS-SION, Respondent.**

No. 74–2181.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1975.

Decided April 14, 1977.

E. Kenneth Day, Norfolk, Va., Ira J. Smotherman, Jr., Atlanta, Ga. (Carole T. Frantz, Day & Summs, Norfolk, Va., on brief), for petitioner.

Michael H. Stein, Atty., U. S. Dept. of Justice, Washington, D. C., (Irving Jaffe, Acting Asst. Atty. Gen., New York City, Stephen F. Eilperin, Atty., U. S. Dept. of Justice, William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Michael H. Levin, Counsel for Appellate Litigation, and Judith A. Burghardt, Washington, D. C., on brief), for respondent.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

We deferred ruling on this petition for review until the Supreme Court decided whether an employer, who is charged with a violation of the Occupational Safety and Health Act that may subject him to civil penalties, is constitutionally entitled to a jury trial. In *Atlas Roofing Co., Inc. v.*

*Occupational Safety & Health Review Commission,* —— U.S. ——, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), the Court held that the Seventh Amendment posed no bar to the disposition of such charges and the imposition of civil penalties by an administrative tribunal. This decision controls the principal issue presented by the petitioner. We turn, therefore, to other issues it raised.*

The citations against the petitioner, Dorey Electric Company, arose as a result of a routine inspection by an OSHA compliance officer who noted that employees of Dorey were working near open, unguarded edges of the fourth floor of an uncompleted apartment building. In addition, he found the worksite perimeter cluttered with piles of foam and scrap lumber which exposed Dorey's employees to possible injury. The evidence presented at the administrative hearing was based primarily on the compliance officer's inspection and a stipulation that the edges of the floors in question were unguarded.

■ Dorey contends that the inspection of the worksite was without permission, violating its Fourth Amendment right against unreasonable searches. Therefore, according to Dorey, the testimony of the compliance officer must be excluded, and the complaint dismissed for lack of evidence.

The record discloses, however, that, at a worksite conference, Dorey gave permission for the inspection through its foreman. We conclude, therefore, that the testimony of the compliance officer was properly admitted.

■ Dorey also contends that the Commission failed to show that the absence of guardrails constitutes a "serious offense" under 29 U.S.C. § 666(j). That section provides:

[A] serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition, which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, or could not with the exercise of reasonable diligence, know of the presence of the violation.

Dorey claims that the probability of falling, being statistically available, must be shown before the violation may be deemed "serious." This contention was expressly rejected in *National Realty & Construction Co., Inc. v. Occupational Safety & Health Review Commission,* 160 U.S.App.D.C. 133, 489 F.2d 1257, 1265 n. 33 (1973), in which the court stated that no such mathematical test need be conducted. "If evidence is presented that a practice could eventuate in serious physical harm upon other than a freakish or utterly implausible concurrence of circumstances, the Commission's expert determination of likelihood should [control]." Here, we think it reasonable for the Commission to conclude that the absence of guardrails could result in serious injury; thus, the violation is of a serious nature under 29 U.S.C. § 666(j).

■ Dorey next argues that, even if this court were to accept the Commission's findings that it violated the safety standards, enforcement should be denied because standard guardrails would have rendered performance of the work "difficult if not impossible." In addition, Dorey asserts that the guardrails, when removed, would have damaged the completed work. The petitioner points out that the Commission itself has held that noncompliance with a safety standard is justified when necessary to perform required work. *Secretary v. Dic-Underhill,* 7 OSAHRC Rep. 134 (1974); *Secretary v. Masonry, Inc.,* 5 OSAHRC Rep. 524 (1973); *Secretary v. La Salla Contracting Co., Inc.,* 2 OSAHRC Rep. 976 (1973).

Despite these claims by Dorey that it was impossible for it to comply with the guardrail standard, the administrative law judge

* The Commission's decision is reported as *Secretary v. Dorey Electric Co.,* 11 OSAHRC Rep. 227 (1974).

concluded that "[o]ther guards equivalent to standard railing such as pipe and wire rope could have been used to guard the edge of the opensided fourth floor which would not have obstructed, damaged, or otherwise prevented installation of said electrical switches and/or conduits by Dorey's employees." This finding is supported by the testimony at the hearing, and we conclude that, because Dorey failed to establish the impossibility of compliance, the penalties should be enforced.

*Affirmed.*